Case 4:18-cr-00095-DCN Document 140, Filed 10/19/21, Page 1 of 7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30132 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00095-EJL-2 |
| v. | |
| ANDREW MUNOZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 6, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Andrew Munoz appeals his conviction and sentence on one count of

conspiracy to distribute methamphetamine and heroin, one count of distributing

heroin, and one count of distributing methamphetamine and heroin in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Following conviction after a jury trial, the district court sentenced Munoz to 140 months in federal prison.  Munoz argues that the district court erred in (1) providing the jury with a deliberate ignorance instruction, (2) applying a two-level gun possession sentence enhancement, and (3) failing to grant a downward sentencing variance in light of the disparity in sentencing ranges for actual methamphetamine versus methamphetamine mixture.

A deliberate ignorance instruction is appropriate when the district court concludes that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc).  A strong showing of actual knowledge does not preclude the district court from also providing a deliberate ignorance instruction. *Id.* at 922–23.  Throughout Munoz's trial, the defense repeatedly emphasized that there was no evidence that he had ever looked at the contents of the packages he delivered to the undercover officer.  The purpose of this argument was to persuade the jury that Munoz did not know what he was delivering.  Because the jury could have found that he was aware the packages likely contained drugs and deliberately avoided learning of their contents, we hold

2

the court acted within its discretion in giving the jury the deliberate ignorance instruction.

Section 2D1.1(b)(1) of the U.S. Sentencing Guidelines instructs sentencing courts that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels," unless "it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, Commentary n.11. Here, the jury convicted Munoz of participating in a conspiracy to distribute methamphetamine and heroin lasting from 2017 through March 16, 2018. Munoz was arrested on March 14, 2018, while the conspiracy was ongoing. According to trial testimony, Munoz had two guns physically on him when he was arrested, and another two guns were present with him in the vehicle. Therefore, the district court did not err in concluding that Munoz possessed a dangerous weapon during the commission of a drug offense.

At sentencing, Munoz asked the district court to use a reduced base offense level on the ground that purity testing of the methamphetamine resulted in an unwarranted sentencing disparity. We hold that the court did not err in using the higher base offense level.

**AFFIRMED.**

Case 4:18-cr-00025-DCN-2021 Document 10, Filed 10/19/22, Page 4 of 7

# United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

Post Judgment Form - Rev. 12/2018

1

► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or

► The proceeding involves a question of exceptional importance; or

► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**

- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)   Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

Post Judgment Form - Rev. 12/2018

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                          **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*